*In re* ST. ANDREW'S CHURCH.

(*Supreme Court, General Term, First Department.*   January 28, 1889.)

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—ASSESSMENTS—EXTENT.

   Under Laws N. Y. 1840, c. 326, § 7, prohibiting an assessment on realty for improvements of more than one-half its value, as fixed by the assessors of the ward, a valuation by a deputy tax commissioner is sufficient for fixing the extent to which lands may be assessed, the ward assessors having been superseded by the tax commissioners, whose deputy performs, under their direction, the duties of such assessors, and, his valuation being verified, the absence of an oath to the final tax levy is not available.

Appeal from special term, New York county.

Petition by the rector, etc., of St. Andrew's Church, to vacate an assessment.  The appeal is from an order vacating the assessment.  Laws 1840, c. 326, § 7, provide that "commissioners or assessors for making estimates and assessments for any improvements authorized by law to be assessed upon the owners or occupants of houses and lots, or improved or unimproved lands, shall in no case assess any house, lot, improved or unimproved lands, more than one-half the value of such house, lot, improved or unimproved land, as valued by the assessors of the ward in which the same shall be situate."

Argued before VAN BRUNT, P. J., and BRADY and MACOMBER, JJ.

*G. L. Sterling,* for appellant.   *C. W. West,* for respondents.

VAN BRUNT, P. J.   This is a proceeding for the vacation or reduction of an assessment for local improvements.  It is claimed that fraud or substantial error was committed, and that there was no authority for the levying of such assessment.  The claim of want of authority is based upon the form of the resolution under which the work was done for which the assessment was levied.  It is urged that by the form of the resolution the exercise of a discretion which was reposed in the common council was devolved upon the department of public works both in reference to the kind of pavement to be laid, the time of the performance of the work, and, in respect to cross-walks, as to what portion of such cross-walks were to be relaid.  The decision of this court rendered in *Re Deering,* 28 Hun, 641, *mem.,* (at the October term, 1882,) covers each and every of these points, and it is not necessary to discuss them here anew.  It is further claimed that the premises in question could not be assessed for this improvement, because there was no legal tax valuation of the premises prior to the improvement, so that it could be shown that the assessment for the improvement was not more than one-half the amount finally fixed by the general tax assessing officer as its taxable value.  The evidence in this case shows that the assessment in question was confirmed in April, 1877; and that in 1876 this property had been valued by a deputy tax commissioner.  That this was sufficient for the purpose of fixing the extent to which these premises could have been assessed is distinctly decided in *Re St. Mark's Church,* 11 Hun, 381, affirmed, 74 N. Y. 610, where it is stated that such evidence shows that the assessment imposed does not exceed one-half of the value of the land as valued by the deputy tax commissioner, and is therefore not obnoxious to the provisions of the act of 1840.  The objections as to the want of the oath required to be attached to the final tax levy are clearly not available, as it is not necessarily this valuation which is re-

ferred to in the act of 1840. In fact it would appear that it was not that valuation, as the ward assessors mentioned in the act of 1840 have been superseded by the tax commissioners, who were directed to appoint deputy tax commissioners, who should perform, under their direction and supervision, the duties theretofore performed by the assessors of the several wards of said city, or such other duties as they shall prescribe. It seems, therefore, to be the valuation of the deputy tax commissioners which is to control, and not necessarily that finally fixed by the commissioners of taxes and assessments. This valuation by the deputy tax commissioners was duly verified, and that is all that the statute would seem to require. The order should be reversed, with costs and disbursements. All concur.